LNS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOE SUN,

                Plaintiff,

     -against-

WECHAT (USA),

                Defendant.

**MEMORANDUM AND ORDER**
22-CV-5080 (LDH) (MMH)

LaSHANN DeARCY HALL, United States District Judge:

    Boe Sun ("Plaintiff"), proceeding pro se, brings this action against free messaging application WeChat (USA) ("Defendant"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the limited purpose of this memorandum and order. For the reasons discussed below, the complaint is dismissed, without prejudice, for a failure to state a claim upon which relief may be granted.

## BACKGROUND[1]

    Plaintiff alleges that on August 23, 2022, he used the WeChat application to discuss different topics, including "Chinese politics." (Compl. at 5, ECF No. 1.) Plaintiff claims that Defendant blocked his WeChat account later that evening, in violation of his freedom of speech and privacy rights and causing him "psychological and mental injury/devastation." (*Id.* at 5–6.) He now seeks $896,400 in punitive damages. (*Id.* at 6.)

---

[1] The following facts taken from the complaint (ECF No. 1) are assumed to be true for the purpose of this memorandum and order.

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

The Court must dismiss a pro se complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Of course, in reviewing the sufficiency of an pro se complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[*s*]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" given to pro se plaintiffs has its limits. *Id.* at 475 (citation omitted). To state a claim, a pro se complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

LNS

## DISCUSSION

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. That statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

The conduct of private parties typically falls outside the scope of protection offered by § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (observing that § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (internal quotations omitted). That said, private conduct may sometimes be treated as state action where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* at 52 (citation omitted). A "sufficiently close nexus" exists when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with

state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brenwood Acad. V. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001).) "It is not enough, however, for a plaintiff to plead state involvement in 'some activity of the institution alleged to have inflicted injury upon a plaintiff'; rather, the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action." (*Id.*) (citations omitted)

Here, Plaintiff does not allege any state action that would sustain a § 1983 claim. Nor has Plaintiff provided factual allegations that could support an inference that there is a "close nexus" between Defendant, a private entity, and the state, such that Defendant's actions are attributable to the state. *See, e.g.*, *Forbes v. Facebook, Inc.,* No. 16 CV 404, 2016 WL 676396, at *2 (E.D.N.Y. Feb. 18, 2016) (finding that the plaintiff failed to state a claim against Facebook pursuant to § 1983 because Facebook is a private corporation and plaintiff failed to allege facts to demonstrate a close nexus between Facebook and the state); *see also Fehrenbach v. Zeldin*, 2018 WL 4242452, at *3 (E.D.N.Y. Aug. 6, 2018) (dismissing the plaintiff's § 1983 claim against Facebook because the plaintiff has not established that the Facebook defendants were state actors, and that a reasonable person could not infer from the pleading that the state encouraged or coerced Facebook to take certain relevant actions). Therefore, Plaintiff fails to state a plausible claim against Defendant under § 1983, and the complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, Plaintiff's claims are dismissed, without prejudice pursuant to Rules 12(b)(6) and 12(h)(3) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this order to Plaintiff.

                SO ORDERED.

Dated: Brooklyn, New York       /s/ LDH
      April 15, 2025               LASHANN DEARCY HALL
                                 United States District Judge